UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                      Case No. 24-14741-BKC-LMI
                                                            Chapter 7

**ROGER HERNANDEZ**
**SSN: XXX-XX-5267**

_____Debtor._____/

**TRUSTEE, BARRY E. MUKAMAL'S (I) OBJECTION TO DEBTOR'S
CLAIMED HOMESTEAD EXEMPTION, AND (II) MOTION (A) TO COMPEL
TURNOVER OF NON-EXEMPT INTEREST IN CLAIMED HOMESTEAD
PROPERTY, AND (B) FOR OTHER RELATED RELIEF**

Barry E. Mukamal, as Chapter 7 trustee of the bankruptcy estate of Roger Hernandez (the

"Trustee"), through counsel and pursuant to 11 U.S.C. §§ 105, 522(o) and (p), 541 and 542, and

Federal Rule of Bankruptcy Procedure 4003, files his (I) Objection to Debtor's Claimed

Homestead Exemption, and (II) Motion (A) to Compel Turnover of Non-Exempt Interest in

Claimed Homestead Property, and (B) for Other Related Relief (the "Objection"), and in support

thereof, states as follows:

**Summary of Requested Relief**

1.      By this Objection, the Trustee seeks entry of an order: (a) determining that the

Debtor is not entitled to exempt the equity in his Claimed Homestead Property (defined below)

that is the result of the November 30, 2022 and December 2, 2022 payments totaling $278,177.11

to pay off the then outstanding balance of his mortgage from non-exempt funds at a time when,

among other things, he had unpaid debts and judgments; (b) determining that the amount used to

pay off the mortgage through an attempted conversion of non-exempt assets to exempt assets to

increase the equity in the Claimed  Homestead Property is property of the Estate pursuant to 11

U.S.C. § 541 and subject to turnover pursuant to 11 U.S.C. § 542; (c) compelling the Debtor to

immediately turn over the non-exempt interest in his Claimed Homestead Property to the Trustee; (d) imposing an equitable lien on the Debtor's Claimed Homestead Property for the amount determined to have been fraudulently transferred in derogation of 11 U.S.C. §§ 522(o); (e) reducing the value of the Debtor's claimed homestead exemption by the amount of interest that he acquired in his Claimed Homestead Property during the 1215-day period immediately preceding the Petition Date above the $189,050 cap by paying off his mortgage ($278,177.11 - $189,050 = $89,127.11) pursuant to 11 U.S.C. § 522(p); (f) directing the Debtor to immediately turn over the non-exempt interest; and (g) directing the Debtor not to sell, transfer, convey, alienate, hypothecate or encumber his Claimed Homestead Property pending a ruling on the instant Objection.[1]

2.      As detailed below, approximately eighteen (18) months prior to the Petition Date, the Debtor used $278,177.11 of non-exempt cash in his Wells Fargo account  X3414 to pay off the mortgage on his Claimed Homestead Property, thereby converting non-exempt assets to purportedly exempt assets with the intent to hinder, delay and/or defraud creditors in derogation of 11 U.S.C. § 522(o). In addition, the transfer occurred within 1215 days prior to the Petition Date, causing the Debtor to acquire an amount of interest in his Claimed Homestead Property in excess of the $189,050 statutory cap in derogation of 11 U.S.C. § 522(p).

3.      Accordingly, the Trustee asserts that pursuant to section 522(o) of the Bankruptcy Code, the Debtor's claimed homestead exemption should be reduced by $278,177.11, and such non-exempt interest in his Claimed Homestead Property is property of the Estate and subject to turnover. And pursuant to section 522(p), the amount of interest in the Claimed Homestead Property that was acquired by the Debtor during the 1215-day period immediately preceding the

---

[1] Following unsuccessful settlement discussions with Debtor's counsel, on April 9, 2025, the Trustee recorded a Notice of Lis Pendens against the Claimed Homestead Property in order to protect the Estate's interests pending disposition of the instant Objection.

Petition Date - $89,127.11 ($278,177.11 - $189,050) – should be determined to be non-exempt and subject to turnover to the Trustee.

**Relevant Limited Background**

4.      This case commenced with the filing of a voluntary Chapter 13 petition by the Debtor, Roger Hernandez (the "Debtor") on May 15, 2024 (the "Petition Date").

5.      On November 26, 2024, the Debtor filed his *Notice of Voluntary Conversion to Chapter 7* (ECF No. 68).

6.      On November 27, 2024, this Court entered its *Order Upon Conversion of Case Under Chapter 13 to Case Under Chapter 7 by the Debtor* (ECF No. 69).

7.      Shortly thereafter, Barry E. Mukamal was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate") (*see* ECF No. 69).

8.      The 341 Meeting of Creditors in the Chapter 7 case was held and concluded on January 7, 2025.

9.      The original deadline for the Trustee to file objections to the Debtor's claimed exemptions was February 6, 2025.

10.      On January 28, 2025, this Court entered its *Agreed Order Granting Trustee, Barry E. Mukamal's Agreed Ex Parte Motion to Enlarge Time to File (1) Objections to Debtor's Claimed Exemptions and (2) Complaint Objecting to Debtor's Discharge* (ECF No. 95) which enlarged the deadlines for the Trustee to file: (a) objections to the Debtor's claimed exemptions; and (b) a complaint objecting to Debtor's discharge, up to and including April 11, 2025.

11.      On April 11, 2025, the Court entered its *Agreed Order Granting Trustee, Barry E. Mukamal's Second Agreed Ex Parte Motion to Enlarge Time to File (1) Objections to Debtor's Claimed Exemptions and (2) Complaint Objecting to Debtor's Discharge* (ECF No. 105) which

enlarged the deadlines for the Trustee to file: (a) objections to the Debtor's claimed exemptions; and (b) a complaint objecting to Debtor's discharge, up to and including May 12, 2025.

**The Claimed Homestead Property and the Pay Off of the Mortgage**

12.    The Debtor's Schedule "A/B" (ECF No. 1, Page 10) lists his ownership interest in the real property located at 1425 S.W. 78th Avenue, Miami, FL 33144, with a scheduled value of $670,365 (the "Claimed Homestead Property").

13.    The Debtors' Schedule "C" lists the Claimed Homestead Property as exempt pursuant to Fla. Const. Art. X, § 4(a)(1) and Fla. Stat. §§ 222.01 and 222.02 (collectively, the "Claimed Homestead Exemption").

14.    The Debtor's Schedule "D" lists no debts secured by the Claimed Homestead Property and at the 341 Meeting, the Debtor testified that there was no mortgage encumbering the Claimed Homestead property as it had been paid off.

**The Debtor's Financial Condition**

15.    The Debtor's Amended Schedule "I" (ECF No. 77) reflects the Debtor's occupation as "[o]wner/[b]oat [c]harters"[2] and his employer as Mundu Culturista Inc. Together with his other monthly income of $1,366.00 as a "personal trainer" as  listed on Line 8h, Amended Schedule "I" reflects total monthly income of $4,307.50, and Amended Schedule "J" (ECF No. 77) reflects total monthly expenses of  $4,262.22.

16.    The Debtor's 2022 and 2023 Federal income tax returns reflect his sole source of income as being derived from his sole proprietorship  as a "sport trainer" as reported on Schedule "C" of his tax return. For 2022, Schedule "C" (of his tax return) reflects total gross receipts of

---

[2] As set forth in Shore United Bank, N.A.'s Verified Motion for Stay Relief (ECF No. 102), the ship's mortgage secured by the scheduled vessel (*see* Schedule "A/B" Line 4.1)(the "Vessel")(which the Trustee has abandoned – *see* ECF No. 103) prohibits the use of the Vessel for chartering.

4

$38,490, and adjusted gross income of $7,071.00. And for 2023, Schedule "C" (of his tax return) reflects total gross receipts of $39,560, and adjusted gross income of $6,295.00.

**The Mortgage Payoff**

17.    In connection with his investigation, the Trustee requested and received, among other things, bank statements for (i) the Debtor's personal accounts, and (ii) accounts in the name of the Debtor's wholly owned business, Mundo Culturista Inc. ("MC").

18.    MC purports to sell sports nutrition supplements and provide personal training services, but the business appears to be largely inactive, and the Debtor testified that he is the only employee and that the protein products advertised on its website were only given by him to people he trained. MC maintains no books or records beyond bank statements, does not file tax returns, and seems to have been used by the Debtor almost exclusively to obtain loans from various banks that he then used to fund his personal living expenses, make the payments on the Vessel, and pay off his mortgage. MC's website also advertises that MC provides "yacht rentals."

19.    Bank statements for the Debtor's personal Wells Fargo Bank account X3414 ("WF X3414") reflect that on November 29, 2022, the Debtor received a $270,000 online transfer from MC.

20.    On (i) November 30, 2022, the Debtor paid $270,084.37 in non-exempt funds to Rocket Mortgage from WF X3414, and (ii) December 2, 2022, the Debtor paid $8,092.74 in non-exempt funds to Rocket Mortgage from WF X3414, which, when combined, paid off the outstanding mortgage that had been secured by the Claimed Homestead Property (collectively, the "Mortgage Payoff Transfers").[3]

---

[3] The funds transferred by the Mortgage Payoff Transfers shall be referred to as the "Mortgage Payoff Transferred Funds."

4918-3013-7144, v. 1

21.     Prior to receipt of the $270,000 from MC on November 29, 2022, the Debtor had a balance of $15,139.89 in his WF X3414 account, and following the (second) $8,092.74 payment to Rocket Mortgage on December 2, 2022, the Debtor had a balance of $6,529.28 in his WF X3414 account.

**The Scheduled Debts**

22.     The Debtor's Schedule "E/F" lists $995,851.42 in scheduled unsecured debts including:

    a.  $250,000 to Bank of America for a "business charge account/line of credit";

    b.  $33,340.34 to Citizens Property Insurance Corp. for a "civil restitution lien";

    c.  $362,280.63 to First Citizens Bank for a "loan";

    d.  $48,950.14 to Regions Bank for a "business loan":

    e.  $104,589.78 to TD Bank, NA on account of a "judgment";

    f.  $32,530.00 to Truist Bank on account of a "Judgment – Business Loan"; and

    g.  $150,000 to the SBA for a small business loan.

23.     A review of the Claims Register reflects, among others, the following claims:

    a.  $49,958.74 to Regions Bank on account of a $50,000 Business Line of Credit dated March 6, 2018  (prior to the Mortgage Payoff Transfer)(*see* Claim No. 1);

    b.  $6,961.47 to the IRS on account of taxes due between 2018-2024 (a portion prior  to the Mortgage Payoff Transfer)(*see* Claim No. 2);

    c.  $107,044.40 to TD Bank, N.A. on account of a Final Judgment for a loan that went into default on May 2, 2023 (prior to the Mortgage Payoff Transfer)(*see* Claim No. 6);

    d.  $364,405.71 to First Citizens Bank and Trust Company on account of a business loan to MC (*see* Claim No. 9), a portion of which appears to have been subsequently used to pay off the Debtor's mortgage;

    e.   $27,540.87 to Truist Bank on account of a Line of Credit dated April 23, 2019 (prior to the Mortgage Payoff Transfer) (*see* Claim No. 11); and

    f.   $232,112.43 to Bank of America, N.A. on account of a Line of Credit dated November 7, 2022 (prior to the Mortgage Payoff Transfers) (*see* Claim No. 13).

24.    Thus, at the time of the Mortgage Payoff Transfers (November 29 and December 2, 2022), the Debtor had outstanding debts to, among other creditors:

    a.   Regions Bank;

    b.   Internal Revenue Service;

    c.   TD Bank, N.A.;

    d.   First Citizens Bank;

    e.   Truist Bank; and

    f.   Bank of America, N.A.

25.    The Trustee asserts that the Mortgage Payoff Transferred Funds used to the pay off the balance due on the mortgage effectuated the conversion of otherwise non-exempt funds on deposit in the Debtor's WF X3414 account to purportedly exempt equity in the Claimed Homestead Property, in derogation of Section 522(o) of the Bankruptcy Code, and that by making the Mortgage Payoff  Transfer, the Debtor acquired an amount of interest in the Claimed Homestead Property of $278,177.11 in the 1215 day period immediately preceding the Petition Date, which exceeds the $189,050 cap set forth in Section 522(p) of the Bankruptcy Code.

## Applicable Law and Argument

26.    Section 522(o)(4) provides that a debtor's homestead exemption shall be reduced to the extent that he (with intent to hinder, delay, or defraud a creditor) converted non-exempt assets into homestead property within ten years before the bankruptcy filing. 11 U.S.C. § 522(o)(4).

27.    And Section 522(p) (1) provides that …a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of filing of the petition that exceeds in the aggregate $189,050 in… real or personal property that the debtor or a dependent of the debtor claims as a homestead. 11 U.S.C. § 522(p)(1)(D).

## Section 522(o)

28.    With resect to Section 522(o), while Article X, § 4(a) of the Florida Constitution (the "Constitutional Homestead Exemption"), is generally unaffected by fraudulent conversion into a homestead property, § 522(o) of the Bankruptcy Code serves to limit such activity conducted by debtors. *See In re Garcia,* No. 09-33208-LMI, slip op. (Bankr. S.D. Fla. July 6, 2010), 2010 WL 2697020. Garcia cogently and succinctly discusses the interplay between Article X, § 4(a) of the Florida Constitution and § 522(o)(4) of the Bankruptcy Code. In short: . . . the virtually limitless Florida homestead law prompted the enactment of section 522(o). . . . the provisions of the Florida Constitution conflict with section 522(o). . . . [and] by virtue of the Supremacy Clause, 11 U.S.C. § 522(o) preempts Florida's constitutional homestead exemption. *Id.* at *3.

29.    As set forth above, the Debtor used non-exempt funds in his Wells Fargo account X3414 to pay off the mortgage secured by his Claimed Homestead Property, and thus, to increase (i) the equity, and (ii) the amount of interest, in his Claimed Homestead Property, instead of using the funds to pay obligations owed at the time to, among others, Regions Bank, the IRS, First Citizens Bank, Truist Bank, and Bank of America, N.A.

30.    Traditionally, courts have used the "badges of fraud" to determine such intent in other sections of the Bankruptcy Code where similar language is used. *See, e.g., In re Wolfson*, 2023 WL 6970147 (Bankr. S.D. Fla. 2023)(citing *In re Booth,* 417 B.R. 820, 823 (Bankr. M.D.

Fla. 2009). Courts have looked to the case law addressing § 548(a)(1)(A) and § 727(a)(2) when addressing an objection to a homestead exemption under Section § 522(o)(4). *Id.*

31.     The Eleventh Circuit has identified the following badges of fraud: (1) the transfer was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer was not disclosed or concealed; (4) before the transfer was made the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the Debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. *Id.*

32.     Here, the Debtor made the Mortgage Payoff Transfers to pay off the mortgage encumbering his Claimed Homestead Property, thereby increasing his equity in the Claimed Homestead Property by $278,177.11, and moved those funds beyond the reach of his creditors. As to the first and second prongs referenced in *Booth*, the funds were transferred by the Debtor to himself and thus, he retained possession and control following the transfers and the transfers were made solely for the benefit of the Debtor. The funds subject of the Mortgage Payoff Transfers made up the overwhelming majority of the Debtor's available cash and, as a result, the Debtor had little in the way of liquid assets following the conversion of the Mortgage Payoff Transferred Funds. In addition, there were judgments entered and suits pending against the Debtor at the time of the transfers as well as unpaid taxes owed by the Debtor. Moreover, the Mortgage Payoff Transferred Funds were paid to Rocket Mortgage shortly after the Debtor and MC incurred

9

substantial debts to First Citizens Bank and Bank of America. The Mortgage Payoff Transfers were quite clearly made by the Debtor to himself and for his own benefit in order to increase the purportedly exempt equity in his Claimed Homestead Property and put it beyond the reach of his creditors at a time that he was clearly insolvent and unable to pay his debts.

33.     Accordingly, the Trustee asserts that the Debtor's claimed homestead exemption should be reduced by the value of the Mortgage Payoff Transferred Funds ($278,177.11).

**Section 522(p)**

34.     Section 522(p) does not require intent to hinder, delay or defraud creditors. The Mortgage Payoff Transfers enabled the Debtor to acquire an amount of interest in his Claimed Homestead Property of $278,177.11 within 1215 days of the Petition Date, well in excess of the $189,050 cap. And while courts have not necessarily been uniform in interpreting the meaning of "any amount of interest" in Section 522(p)(1) to limit the statutory homestead cap, the court in *In re Rasmussen*, 349 B.R. 747 (Bankr. M.D. Fla 2006), after an extremely well-reasoned analysis, concluded  that a paydown of a mortgage during the 1215 days fell within the ambit of Section 522(p). *See also, In re Parks v Anderson*, 406 B.R. 79, 93-95 (D. Ks. 2009)

**Motion to Compel Turnover of Value of Transferred Funds**

35.     Provided that this Court sustains the Trustee's objection under section 522(o), the value of the Mortgage Payoff Transferred Funds ($278,177.11) is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to §11 U.S.C. § 542. And likewise, provided that this Court finds that the Mortgage Payoff Transfers constitute the Debtor's acquisition of an amount of interest in the Claimed Homestead Property in the 1215 day period immediately preceding the Petition Date in excess of $189,050, the Debtor exceeds the § 522(p) cap by

$89,127.11, which amount is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to §11 U.S.C. § 542.

36.     Accordingly, provided that this Court sustains the Trustee's objection, the Trustee seeks entry of an order compelling the Debtor to immediately turn over the value of the Mortgage Payoff Transferred Funds in the amount of $278,177.11 and imposing an equitable lien on the Claimed Homestead Property on account of same.

**WHEREFORE**, Barry E. Mukamal, as Chapter 7 trustee of the bankruptcy estate of Roger Hernandez, respectfully requests this Honorable Court enter an Order: (1) sustaining the instant Objection to the Debtor's Claimed Homestead Exemption pursuant to 11 U.S.C. §§ 522(o) and 522(p); (2) determining that the Debtor made the Mortgage Payoff Funds Transfers with an intent to hinder, delay or defraud creditors in derogation of 11 U.S.C. 522(o); (3) determining that the Debtor's claimed homestead exemption should be reduced in the amount of the Mortgage Payoff Transferred Funds ($278,177.11) pursuant to 11 U.S.C. 522(o); (4) determining that the Debtor acquired an amount of interest in the Claimed Homestead Property of $278,177.11 in the 1215-day period immediately preceding the Petition Date in derogation  of the cap set forth in 11 U.S.C. 522(p); (5) determining that the Debtor is not entitled to exempt the amount of interest he acquired by virtue of the Mortgage Payoff Transfers in excess of the $189,050 cap set forth in 11 U.S.C. 522(p); (6) determining that the Debtor's claimed homestead exemption should be reduced by the amount of the Mortgage Payoff Transfer pursuant to 11 U.S.C. 522(o);  (7) determining that, pursuant to 11 U.S.C. 522(o), the Mortgage Transfer Payoff Funds ($278,177.11) are property of the Estate pursuant to 11 U.S.C. § 541 and subject to turnover pursuant to §11 U.S.C. § 542; (8) determining that, pursuant to 11 U.S.C. 522(p), the amount of value the Debtor acquired in excess of $189,050 (namely $89,127.11)  is property of the Estate pursuant to 11 U.S.C. § 541 and subject

to turnover pursuant to §11 U.S.C. § 542; (9) imposing an equitable lien in the amount of

$278,177.11 on the Claimed Homestead Property; (10) directing the Debtor to immediately turn

over the value of the transferred funds; (11) directing the Debtor not to sell, transfer, convey,

alienate, hypothecate or further encumber the Claimed Homestead Property pending a ruling on

the Objection; and (12) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,
BAST AMRON LLP
*Counsel for the Trustee, Barry E. Mukamal*
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: 305.379.7904
Email: sbrown@bastamron.com

By:*/s/ Scott N. Brown*
Scott N. Brown, Esq. (FBN 663077)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served this

10th day of May, 2025 as follows:

Via electronic transmission to those parties registered to receive CM/ECF in this case; and

Via U.S. Mail to all parties on the attached mailing matrix.

*/s/ Scott N. Brown*
Scott N. Brown, Esq.

4918-3013-7144, v. 1

Label Matrix for local noticing
113C-1
Case 24-14741-LMI
Southern District of Florida
Miami
Fri May  9 17:53:56 EDT 2025

Bank of America, N.A.
Liebler Gonzalez & Portuondo
44 West Flagler Street
25th Floor
Miami, FL 33130-1808

TD Bank, N.A.
GrayRobinson, P.A.
301 East Pine Street
Suite 1400
Orlando, FL 32801-2798

United States of America, Dept of Treasury/I
c/o Raychelle A. Tasher
99 N.E. 4th Street, Suite 300
Miami, FL 33132-2131

ADDRESS: Truist Bank
Bankruptcy Department
PO Box 85092
Richmond, VA 23285-5092

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998-1540

Amex
P.o. Box 981537
El Paso, TX 79998-1537

BANK OF AMERICA, N.A.
Liebler Gonzalez & Portuondo
44 West Flagler Street,
Courthouse Tower 25th
Miami, FL 33130-1817

Banco Popular de Puerto Rico
Attn: Bankruptcy
Po Box 362708
San Juan, PR 00936-2708

Banco Popular de Puerto Rico
Po Box 4930
Miami Lakes, FL 33014-0930

Bancopopular
9600 W Bryn Mawr Ave
Rosemont, IL 60018-5226

Bank of America
c/o Credit Control, LLC
5757 Phantom Dr. Ste 330
Hazelwood, MO 63042-2429

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

Brand Source/Citi Bank
Attn: Citcorp Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179-0040

Brand Source/Citi Bank
Po Box 6497
Sioux Falls, SD 57117-6497

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One
Po Box 31293
Salt Lake City, UT 84131-0293

Cbusasears
Attn: Bnakruptcy
Po Box790040
St Louis, MO 63179-0040

Cbusasears
Po Box 6217
Sioux Falls, SD 57117-6217

Chase Auto Finance
900 Stewart Ave
Garden City, NY 11530-4891

Chase Auto Finance
Attn: Bankruptcy
700 Kansas Lane La
Monroe, LA 71203-4774

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850-5298

Chase Card Services
Po Box 15369
Wilmington, DE 19850-5369

Chase Mortgage
700 Kansas Lane
Monroe, LA 71203-4774

Chase Mortgage
Chase Records Center/Attn: Correspondenc
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203

Checksystems
7805 Hudson Rd
Saint Paul, MN 55125-1594

Child Support Enforcemment
PO Box 8030
Tallahassee, FL 32314-8030

Citibank/The Home Depot
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179-0040

Citibank/The Home Depot
Po Box 6497
Sioux Falls, SD 57117-6497

Citizens Propetry Insurnace Corporation
2101 Maryland Circle
Tallahassee 32303-1001

Comenity Bank/Pier 1
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/Pier 1
Po Box 182789
Columbus, OH 43218-2789

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

(p)EQUIFAX  INC
1550 Peachtree Street NE
Atlanta, GA 30309

Experian
Po Box 2002
Allen, TX 75013-2002

(p)FIRST CITIZENS BANK TRUST COMPANY
P O BOX 25187
RALEIGH NC 27611-5187

First Citizens Bank
FCB Mail Code DAC-36
100 E Tryon Road
Raleigh, NC 27603-3581

First Premier Bank
3820 N Louise Ave
Sioux Falls, SD 57107-0145

Florida Department Of Revenue
5050 W Tennessee St
Tallahassee, FL 32399-0100

Gray Robinson PA
301 E Pine Street, Suite 1400
POB 3068
Orlando, FL 32802-3068

Gray-Robinson, PA
301 East Pine Street, SUite 1400
Orlando, FL 32801-2798

IRS Centralized Bankruptcy Department
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Jonathan Camacho, Esq
Liebler Gonzalez & Portuondo
44 West Flagler Street, Courthouse Tower
Miami, FL 33130-1817

La Victoire Finance
POB 206536
Dallas, TX 75320-6536

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Marcadis Singer, P.A
5104 S Westshore Blvd
Tampa, FL 33611-5650

Mundo Culturista Inc
1425 SW 78th Ave
Miami, FL 33144-5209

Mundo Culturista, Inc
1425 SW 78 Avenue
Miami, FL 33144-5209

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Regions Bank
720 North 39th Street
Birmingham, AL 35222-1112

Regions Bank
Attn: Bankruptcy
2050 Parkway Office Circle
Hoover, AL 35244-1805

Regions Bank
PO Box 10063
Birmingham AL 35202-0063

Regions Bank
Po box 1984
Birmingham, AL 35201-1984

Rocket Mortgage
1050 Woodward Ave
Detroit, MI 48226-3573

Rocket Mortgage
Attn: Bankruptcy
1050 Woodward Avenue
Detroit, MI 48226-3573

Shore United Bank, N.A.
200 Westgate Circle, Suite 200
Annapolis, MD 21401-3377

Space Coast Credit Union
8045 N Wickham Rd
Melbourne, FL 32940-7920

Space Coast Credit Union
Attn: Bankruptcy
8045 N Wickham Road
Melbourne, FL 32940-7920

Syncnb/Walmart
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Amazon
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Amazon
Po Box 71737
Philadelphia, PA 19176-1737


Synchrony Bank/BRMart
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/BRMart
Po Box 71757
Philadelphia, PA 19176-1757

Synchrony Bank/HH Gregg
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060


Synchrony Bank/HH Gregg
Po Box 71757
Philadelphia, PA 19176-1757

Synchrony Bank/HHGregg
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/HHGregg
Po Box 71757
Philadelphia, PA 19176-1757


Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Lowes
Po Box 71727
Philadelphia, PA 19176-1727

T.D. Bank, N.A.
c/o Jack Brennan
301 E. Pine Street, Suite 1400
Orlando, FL 32801-2741


(p)TD BANKNORTH NA
70 GRAY ROAD
FALMOUTH ME 04105-2299

TD Bank, N.A.
Td Bank Usbc
Greenville, SC 29607

TD Bank, NA
c/o Felipe Lozano
5900 N Andrews Avenue, Suite 200
Fort Lauderdale, FL 33309-2371


Transunion
Po Box 1000
Chester, PA 19016-1000

Truist Bank
4251 Fayetteville Road
Lumberton, NC 28358-2678

US Small Business Admin
Disaster Assistance
Processing and Disbursement Center
14925 Kingsport Rd
Fort Worth, TX 76155-2243


Vervent Inc. as servicer for LaVictoire Fina
P.O. Box  911007
San Diego, CA 92191-1007

Wells Fargo Bank NA
Attn: Bankruptcy
1 Home Campus Mac X2303-01a 3rd Floor
Des Moines, IA 50328-0001

Wells Fargo Bank NA
Po Box 393
Minneapolis, MN 55480-0393


Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Barry  E. Mukamal
1000 S. Federal Hwy
Ste 200
Fort Lauderdale, FL 33316-1237

Barry E Mukamal
PO Box 14183
Fort Lauderdale, FL 33302-4183


Roger Hernandez
1425 SW 78 Avenue
Miami, FL 33144-5209

Timothy S Kingcade Esq
1370 Coral Way
Miami, FL 33145-2960


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Department of the Treasury
Po Box  21126
Philadelphia, PA 19114

Equifax
Po Box 740241
Atlanta, GA 30374

First Citizens Bank
DAC-36
POB 25187
Raleigh, NC 27611-5187

(d)First-Citizens Bank & Trust Company
Attn: Bankruptcy Department
PO Box 25187
Raleigh, NC 27611-5187

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

TD Bank
1701 Route 70 East Cherry
Cherry Hill, NJ 08034

(d)TD Bank
POB 5600
Lewiston, ME 04243-5600

(d)TD Bank, N.A.
Attn: Bankruptcy
1701 Rt 70 East
Cherry Hill, NJ 08003

(d)TD Bank, NA
1701 Route 70 East Cherry
Cherry Hill, NJ 08034

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Shore United Bank, N.A.

(u)Miami

End of Label Matrix
Mailable recipients    85
Bypassed recipients     2
Total                  87