UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              Case No. 24-14741-BKC-LMI
                                                    Chapter 7

**ROGER HERNANDEZ**
**SSN: XXX-XX-5267**

_____Debtor._____/

**TRUSTEE, BARRY E. MUKAMAL'S MOTION TO APPROVE STIPULATION FOR
COMPROMISE AND SETTLEMENT REGARDING TRUSTEE'S OBJECTION TO
DEBTOR'S CLAIMED HOMESTEAD EXEMPTION**

> **Any interested party who fails to file and serve a written response to this
> Motion within 21 days after the date of service stated in this Motion
> shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to
> the entry of an order in the form attached to this Motion.  Any scheduled
> hearing may then be canceled.**

Barry E. Mukamal, as Chapter 7 trustee of the bankruptcy estate of Roger Hernandez (the

"Trustee"), through counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local

Rule 9013-1(D), files his Motion to Approve Stipulation for Compromise and Settlement Regarding

Trustee's Objection to Debtor's Claimed Homestead Exemption (the "Motion"), and in support

thereof states as follows:

**I. Summary of Requested Relief**

1.      By this Motion, the Trustee seeks entry of an order approving a settlement between

the Trustee and the Debtor, Roger Hernandez (the "Debtor") on the terms and conditions set forth in

the *Stipulation for Compromise and Settlement Regarding Trustee's Objection to Debtor's Claimed*

*Homestead Exemption* (the "Stipulation")[1] attached hereto as **Exhibit "A"** and incorporated by reference. The Debtor and the Trustee may be collectively referred to as the "Settlement Parties."

2.      As summarized herein, pursuant to the terms of the Stipulation, the Debtor has agreed to pay the Estate $175,000 in cleared funds, in full and final settlement of (i) the Objection, and (ii) any other claims that the Trustee may possess with respect to the Claimed Homestead Property.

3.      For the reasons detailed below, the Trustee believes that the Settlement falls above the lowest point in the range of reasonableness and thus, meets the standards set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.),* 898 F.2d 1544 (11th Cir. 1990). Accordingly, the Trustee asserts that the Settlement is in the best interests of this Estate and urges the Court to approve same.

## II. <u>Relevant Limited Background</u>

4.      This case commenced with the filing of a voluntary Chapter 13 petition by the Debtor, Roger Hernandez on May 15, 2024 (the "Petition Date").

5.      On November 26, 2024, the Debtor filed his *Notice of Voluntary Conversion to Chapter 7* (ECF No. 68).

6.      On November 27, 2024, this Court entered its *Order Upon Conversion of Case Under Chapter 13 to Case Under Chapter 7 by the Debtor* (ECF No. 69).

7.      Shortly thereafter, Barry E. Mukamal was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate") (*see* ECF No. 69).

8.      The 341 Meeting of Creditors in the Chapter 7 case was held and concluded on

---

[1] The settlement subject of the Stipulation shall be referred to as the "Settlement." All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Stipulation. This Motion contains a summary of the key terms of the Settlement. The terms of the Stipulation control and all parties are urged to review same.

January 7, 2025.

**The Claimed Homestead Property**

9.      The Debtor's Schedule "A/B" (ECF No. 1, Page 10) lists his ownership interest in the real property located at 1425 S.W. 78th Avenue, Miami, FL 33144, with a scheduled value of $670,365 (the "Claimed Homestead Property").

10.      The Debtors' Schedule "C" lists the Claimed Homestead Property as exempt pursuant to Fla. Const. Art. X, § 4(a)(1) and Fla. Stat. §§ 222.01 and 222.02 (collectively, the "Claimed Homestead Exemption").

11.      The Debtor's Schedule "D" lists no debts secured by the Claimed Homestead Property and at the 341 Meeting, the Debtor testified that there was no mortgage encumbering the Claimed Homestead Property as it had been paid off.

**The Trustee's Investigation, the Mortgage Payoff Transfers, and the Objection**

12.      Consistent with his statutory and fiduciary duties, following his appointment, the Trustee and his professionals conducted a comprehensive investigation in order to, among other things, identify potential recovery opportunities for the benefit of the Estate.

13.      Based on said investigation, the Trustee identified two (2) transfers made by the Debtor in November and December 2022, in the aggregate sum of $278,177.11 from his Wells Fargo Bank account X3414 ("WF X3414") to Rocket Mortgage that paid off the mortgage on the Claimed Homestead Property (collectively, the "Mortgage Payoff Transfers").[2]

14.      As further detailed in the *Trustee's (I) Objection to Debtor's Claimed Homestead Exemption, and (II) Motion (A) to Compel Turnover of Non-Exempt Interest in Claimed Homestead Property, and (B) for Other Related Relief* (ECF No. 111)(the "Objection"), which is incorporated

---

[2] The funds transferred by the Mortgage Payoff Transfers shall be referred to as the "Mortgage Payoff Transferred Funds."

herein by reference, the Trustee asserted that the Mortgage Payoff Transfers were made in derogation of 11 U.S.C. §§ 522(o) and (p), and demanded, among other things, the repayment of the Mortgage Payoff Transferred Funds in the total sum of $278,177.11.

15.     Between the time of the filing of the Objection on May 10, 2025, and the preliminary hearing on June 5, 2025, the Trustee and the Debtor, through counsel, engaged in settlement discussions.

16.     The Debtor disputes certain of the Trustee's assertions set forth in the Objection, and in particular, the assertion that the Mortgage Payoff Transfers were made in derogation of 11 U.S.C. § 522(o), as the Debtor asserts, among other things, that as a result of certain medical conditions, he did not possess the requisite intent to hinder, delay or defraud creditors, which assertion the Trustee disputes.

17.     The Trustee disputes certain of the Debtor's assertions and proffered partial defenses.

18.     Notwithstanding the foregoing, the Trustee and the Debtor engaged in settlement discussions in order to bring closure and finality

19.     Accordingly, and in light of, among other things: (a) the expense, uncertainty and delay of litigation; and (b) the Debtor's proffered partial defenses, and in order to provide for the expeditious administration of this Estate, the Trustee and the Debtor have agreed to the settlement set forth in the Stipulation and summarized herein, subject only to Bankruptcy Court approval.

### III. The Settlement

20.     Pursuant to the terms of the Stipulation, the Debtor has agreed to pay to the Trustee, and the Trustee has agreed to accept, $175,000 in cleared funds (the "Settlement Amount") in full and final settlement of (i) the Objection, and (ii) any other claims that the Trustee may possess with respect to the Claimed Homestead Property.

4

21.     The Settlement Amount shall be paid in one (1) lump-sum payment of $175,000 no later than October 1, 2025. Payment shall be in the form of (i) a cashier's check made payable to "Barry E. Mukamal, Trustee," for the benefit of the Estate, and delivered to the Trustee at 1000 South Federal Highway, Suite #200, Fort Lauderdale, FL 33316, or (ii) a wire transfer to the Trustee, with wire transfer instructions to be provided upon request.

22.     The Stipulation also contains, among other things: (a) meaningful default provisions intended to ensure the Debtor's compliance with the Settlement; (b) representations and warranties; (c) a denial of liability provision; and (d) venue and jurisdiction provisions.

## IV. Legal Standard for Settlement

23.     Before addressing the substantive issues, it is important to note that the Settlement arose from extensive settlement discussions and negotiations between the Settlement Parties. The Settlement was negotiated at arm's-length and approval is in accord with the strong public policy which favors settlement in all types of litigation. *In re Grau,* 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001).

24.     Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

25.     As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.),* 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.),* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.,* 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

4928-3346-8749, v. 1

26.     The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs*., 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

27.     According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)     the probability of success in the litigation;
(b)     the difficulties, if any, to be encountered in the matter of collection;
(c)     the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d)     the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.),* 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

28.     In the instant case, each of the four *Justice Oaks* factors weighs heavily in favor of approval of the Settlement.

### A.     *Probability of Success in Litigation*

29.     The Trustee believes that approval of the Settlement is in the best interests of the Estate because, among other things, the Settlement eliminates the need for litigation. While the Trustee believes that he has fairly strong claims, there is no question that litigation would be time consuming and costly, and given the Debtor's proffered partial defenses with respect to the Section 522(o) claim, there is no meaningful assurance that the fees and costs associated wish protracted litigation would not consume the majority of any recovery. Given the inherent risks of litigation, the Debtor's proffered partial defenses, and the certainty and to be provided under the Settlement, the Trustee asserts that the Settlement falls well within the reasonable range of anticipated litigation outcomes.

6

### B.    *Difficulties, if Any, Associated With Collection*

30.    The Trustee asserts that this prong of *Justice Oaks* also weighs heavily in favor of the Settlement. Even if the Trustee were to prevail on both the Section 522(o) and Section 522(p) claims, there is no assurance that the Court would permit the Trustee to foreclose any lien interest on the Claimed Homestead Property that would be acquired, and there is no assurance that the Debtor would be able to qualify for a mortgage to pay any (i) judgment, or (ii) order disallowing a portion of the Homestead Exemption in favor of the Trustee. And while the Debtor's failure to do so might result in revocation of discharge, that would not bring immediate funds into the Estate and would certainly result in additional legal fees and costs.

### C.    *Complexity, Expense, Inconvenience and Delay*

31.    The Trustee believes that the litigation could be complex, and that the costs of litigation, including the need for further discovery and experts, would be significant. The Trustee also believes that litigation would entail significant inconvenience and delay with no assurance that the net outcome will exceed the Settlement Amount.

### D.    *Paramount Interest of Creditors*

32.    Finally, the Trustee asserts that the "paramount interest of creditors" prong of the *Justice Oaks* test is satisfied because the Settlement guarantees a meaningful recovery, and eliminates further professional fees and costs associated with investigation and litigation relative to the Objection. Moreover, because there do not appear to be any other recovery opportunities in this Estate, the Settlement will allow the Trustee to complete his administration of this Estate in relatively short order and thus, make distributions to creditors in relatively short order.

33.    Accordingly, for the reasons set forth herein, the Trustee asserts that the Settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the

Settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate and its creditors.

## VI. Other Related Relief

### A. Notice

34.    The Trustee will serve this Motion on all appropriate parties which includes a certificate of service identifying the specific parties served with this Motion. The Trustee requests that the Court make a determination that all necessary parties have received the requisite notice.

### B. Authority to Execute Necessary Documents

35.    Assuming that the Settlement is approved, the Trustee seeks authority to: (a) take such actions; and (b) execute such documents, as he deems reasonable, necessary and/or desirable to effectuate the Settlement, if necessary.

### C. Retention of Jurisdiction

36.    Finally, assuming that the Settlement is approved, the Trustee requests that the Court retain sole and exclusive personal and subject matter jurisdiction to: (a) interpret, implement and enforce (i) the terms and conditions of the Stipulation and Settlement, the Motion and the Approval Order, and (ii) all related matters; and (b) adjudicate any and all disputes of any type arising from or related to (i) the Stipulation and Settlement, this Motion and the Approval Order, and (ii) all related matters.

37.    Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as **Exhibit "B**."

**WHEREFORE**, Barry E. Mukamal, as Chapter 7 trustee of the bankruptcy estate of Roger Hernandez, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) finding that the Settlement between the Estate and the Debtor meets the factors set forth in *In re Justice Oaks II, Ltd.* and falls above the lowest point in the range of reasonableness; (3)

approving the Settlement and the Stipulation in its entirety; and (4) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

BAST AMRON LLP
*Counsel for the Trustee, Barry E. Mukamal*
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: 305.379.7904
Email: sbrown@bastamron.com

By:/s/  Scott N. Brown
     Scott N. Brown, Esq. (FBN 663077)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served this 13th day of June, 2025 as follows:

Via CM/ECF to those parties registered to receive notice via CM/ECF in this case; and

Via U.S. Mail to the parties on the attached mailing matrix.

By:/s/  Scott N. Brown
     Scott N. Brown, Esq.

9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    Case No. 24-14741-BKC-LMI
                                                          Chapter 7
**ROGER HERNANDEZ**
**SSN: XXX-XX-5267**

_____Debtor._____/

### STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION

Barry E. Mukamal, as Chapter 7 trustee of the bankruptcy estate of Roger Hernandez (the "Trustee"), and the Debtor, Roger Hernandez (the "Debtor," and together with the Trustee, the "Settlement Parties"), enter into this Stipulation for Compromise and Settlement Regarding Trustee's Objection to Debtor's Claimed Homestead Exemption (the "Stipulation"),[1] and agree as follows:

### Background

**Procedural Background**

1.     This case commenced with the filing of a voluntary Chapter 13 petition by the Debtor, Roger Hernandez (the "Debtor") on May 15, 2024 (the "Petition Date").

2.     On November 26, 2024, the Debtor filed his *Notice of Voluntary Conversion to Chapter 7* (ECF No. 68).

3.     On November 27, 2024, this Court entered its *Order Upon Conversion of Case Under Chapter 13 to Case Under Chapter 7 by the Debtor* (ECF No. 69).

4.     Shortly thereafter, Barry E. Mukamal was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate") (*see* ECF No. 69).

---

[1] The settlement subject of this Stipulation may hereafter be referred to as the "Settlement."

1

EXHIBIT
A

5.      The 341 Meeting of Creditors in the Chapter 7 case was held and concluded on January 7, 2025.

**The Claimed Homestead Property**

6.      The Debtor's Schedule "A/B" (ECF No. 1, Page 10) lists his ownership interest in the real property located at 1425 S.W. 78th Avenue, Miami, FL 33144, with a scheduled value of $670,365 (the "Claimed Homestead Property").

7.      The Debtors' Schedule "C" lists the Claimed Homestead Property as exempt pursuant to Fla. Const. Art. X, § 4(a)(1) and Fla. Stat. §§ 222.01 and 222.02 (collectively, the "Claimed Homestead Exemption").

8.      The Debtor's Schedule "D" lists no debts secured by the Claimed Homestead Property and at the 341 Meeting, the Debtor testified that there was no mortgage encumbering the Claimed Homestead Property as it had been paid off.

**The Trustee's Investigation, the Mortgage Payoff Transfers, and the Objection**

9.      Consistent with his statutory and fiduciary duties, following his appointment, the Trustee and his professionals conducted a comprehensive investigation in order to, among other things, identify potential recovery opportunities for the benefit of the Estate.

10.     Based on said investigation, the Trustee identified two (2) transfers made by the Debtor in November and December 2022, in the aggregate sum of $278,177.11 from his Wells Fargo Bank account X3414 ("WF X3414") to Rocket Mortgage that paid off the mortgage on the Claimed Homestead Property (collectively, the "Mortgage Payoff Transfers").[2]

11.     As further detailed in the *Trustee's (I) Objection to Debtor's Claimed Homestead Exemption, and (II) Motion (A) to Compel Turnover of Non-Exempt Interest in Claimed Homestead Property, and (B) for Other Related Relief* (ECF No. 111)(the "Objection"), which is incorporated

---

[2] The funds transferred by the Mortgage Payoff Transfers shall be referred to as the "Mortgage Payoff Transferred Funds."

4924-1903-2652, v. 1

herein by reference, the Trustee asserted that the Mortgage Payoff Transfers were made in derogation of 11 U.S.C. §§ 522(o) and (p), and demanded, among other things, the repayment of the Mortgage Payoff Transferred Funds in the total sum of $278,177.11.

12.    Between the time of the filing of the Objection on May 10, 2025, and the preliminary hearing on June 5, 2025, the Trustee and the Debtor, through counsel, engaged in settlement discussions.

13.    The Debtor disputes certain of the Trustee's assertions set forth in the Objection, and in particular, the assertion that the Mortgage Payoff Transfers were made in derogation of 11 U.S.C. § 522(o), as the Debtor asserts, among other things, that as a result of certain medical conditions, he did not possess the requisite intent to hinder, delay or defraud creditors, which assertion the Trustee disputes.

14.    The Trustee disputes certain of the Debtor's assertions and proffered partial defenses.

15.    Notwithstanding the foregoing, the Trustee and the Debtor engaged in settlement discussions in order to bring closure and finality.

## II. The Settlement

16.    Accordingly, and in light of, among other things: (a) the expense, uncertainty and delay of litigation; and (b) the Debtor's proffered partial defenses, and in order to provide for the expeditious administration of this Estate, the Trustee and the Debtor have agreed to the settlement set forth below, subject only to Bankruptcy Court approval.

17.    **Settlement Payment**: In full and final settlement of (i) the Objection, and (ii) any other claims that the Trustee may possess with respect to the Claimed Homestead Property, the Debtor agrees to pay to the Trustee, and the Trustee agrees to accept, the sum of $175,000.00 in cleared funds (the "Settlement Amount"). The Debtor agrees to pay the Settlement Amount in one (1) lump-sum payment of $175,000 no later than October 1, 2025. Payment shall be in the form of (i) a cashier's check made payable to "Barry E. Mukamal, Trustee," for the benefit of the Estate, and

3

delivered to the Trustee at 1000 South Federal Highway, Suite #200, Fort Lauderdale, FL 33316, or (ii) a wire transfer to the Trustee, with wire transfer instructions to be provided upon request.

18.    **Trustee Obligations Upon Timely Receipt of Full Payment**: Provided that the Debtor timely complies with his obligations under this Stipulation, the Trustee agrees: (a) not to take any further actions against the Debtor on account of any fully disclosed and fully scheduled matters in this case; and (b) upon timely receipt of the Settlement Amount, to (i) withdraw the Objection as moot based on the instant settlement, and (ii) withdraw the Lis Pendens.

### III. Other Terms and Conditions

19.    **Debtor Default**: In the event of a payment default by the Debtor, the Trustee, after providing notice by electronic mail to Debtor's counsel at tsk@miamibankruptcy.com and jlm@miamibankruptcy.com, and a 7-day period to cure from the date of the notice, shall be entitled: (a) to entry of (i) an agreed *ex parte* order sustaining the Objection (the "Order Sustaining Objection"), and (ii) an *ex parte* consent final judgment against the Debtor for the full amount sought in the Objection ($278,177.11) less any amounts paid by the Debtor under the Stipulation (the "Judgment"), which Judgment may be recorded by the Trustee and which shall constitute a lien upon the Claimed Homestead Property which the Debtor irrevocably agrees that the Trustee shall be immediately entitled to foreclose upon. The Debtor irrevocably waives any and all rights he may possess to (i) contest, or (ii) vacate the afore-mentioned Order Sustaining Objection and Judgment or otherwise contest or appeal the Order Sustaining Objection and Judgment. In addition, the Trustee shall be entitled to interest from the date of default, which shall accrue at the statutory rate, and all attorneys' fees and costs incurred arising from or related to any breach of this Stipulation by the Debtor. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking his discharge. However, the Debtor's discharge will not be revoked without a hearing.

4

With respect to a non-payment default, should the Bankruptcy Court determine that any of the Debtor's representations or warranties contained herein are materially untrue, the Trustee shall be entitled to prosecute any and all claims the Estate may possess against the Debtor but for this Stipulation, in which case the Estate shall be entitled to retain all funds collected plus any additional recoveries obtained. In addition, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking his discharge. However, the Debtor's discharge will not be revoked without a hearing.

20.    **No Admission of Liability:** The Settlement Parties are entering into this Stipulation to resolve a bona fide dispute, and this Stipulation is not intended to be, and shall not be construed to be, an admission of liability of any type by either of the Settlement Parties.

21.    **Entire Agreement:** This Stipulation represents the entire understanding and agreement between the Settlement Parties, and supersedes any and all other agreements, either oral or in writing, between the Settlement Parties hereto with respect to the subject matter hereof. The Settlement Parties stipulate and agree that no promise, warranty, representation, inducement or agreement, written or oral, not expressed or referred to in this Stipulation has been made and/or relied upon.

22.    **Modifications:** This Stipulation may not be modified or amended in any respect whatsoever, except by a writing signed by all of the Settlement Parties.

23.    **Waiver:** No waiver of any provisions of this Stipulation shall be valid unless in writing and signed by the party against whom charged.

24.    **Construction and Headings:** In giving meaning to this Stipulation, the singular shall be held to include the plural, and the plural shall be held to include the singular. The Settlement Parties agree that any section headings contained herein are included for convenience only and are not to be deemed part of this Stipulation.

25.    **Binding Effect**: This Stipulation, upon execution by all parties, is binding upon the Settlement Parties hereto, their heirs, successors, and assigns, subject only to entry of the Approval Order.

26.    **Debtor Representations and Warranties**: As a material inducement to the Trustee's entry into this Stipulation, the Debtor represents and warrants that: (a) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings") is true, correct and accurate; (b) the Pleadings contain no material errors, omissions or misrepresentations; (c) all information and documentation provided to the Trustee (collectively, the "Documents") is true, correct and accurate; and (d) the Documents contain no material errors, omissions or misrepresentations. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Trustee's right(s) to seek turnover of such assets or to avail himself of the remedies provided under the Bankruptcy Code.

27.    **Mutual Representations and Warranties**: The Settlement Parties mutually represent and warrant that: (a) they have full power and authority to negotiate, execute and perform the terms and provisions of this Stipulation; (b) the execution of this Stipulation does not put either of the Settlement Parties in violation of any agreements to which they are a party; and (c) the Stipulation is duly executed and delivered by the Settlement Parties and constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof.

28.    **No Severability**: If any part of this Stipulation is deemed to be invalid in any court of law, the remaining provisions of this Stipulation will thereby also be rendered invalid and of no effect, and may not be enforced.

29.    **Enforcement**: Each party may enforce this Stipulation as a valid contract, and may obtain any lawful remedy including injunctive relief enforcing the Stipulation. The Settlement Parties irrevocably agree that the United States Bankruptcy Court, Southern District of Florida (the "Bankruptcy Court"), in the above-captioned case, has personal jurisdiction over the Settlement

Parties, and shall retain sole and exclusive personal and subject matter jurisdiction to interpret, enforce and implement the terms of this Stipulation.

30.    **Choice of Law**: This Stipulation shall be construed in accordance with the laws of the State of Florida, both substantive and remedial.

31.    **Drafting, Advice of Counsel, and Voluntary Execution**: The Settlement Parties acknowledge and agree that: (a) each of the Settlement Parties has read, fully understands, and agrees to each page of this Stipulation; (b) each of the Settlement Parties has had the benefit of the advice of counsel and has signed the Stipulation only after due consideration and consultation with its respective attorneys; (c) each of the Settlement Parties has participated fully in negotiating and drafting the terms hereof; and (d) each of the Settlement Parties has entered into this Stipulation freely voluntarily, without duress, coercion or fraudulent inducement, and for valuable consideration. Accordingly, this Stipulation shall not be more strictly construed against any of the Settlement Parties than against the other.

32.    **Consideration**: The Settlement Parties hereto acknowledge and agree that each is foregoing certain rights and assuming certain duties and obligations, which, but for this Stipulation, would not have been foregone or assumed. Accordingly, the Settlement Parties agree that this Stipulation is fully and adequately supported by consideration and is fair and reasonable in all of its terms.

33.    **Counterparts**: This Stipulation may be executed in counterparts which, taken together, shall constitute one and the same agreement, and facsimile or PDF signatures shall be deemed originals.

34.    **Attorneys' Fees and Costs**: Except as set forth in Paragraph 10 above, each of the Settlement Parties agrees to bear its own respective attorneys' fees, costs and expenses incurred in connection with the Bankruptcy Case, including, but not limited to, the costs incurred in connection with the negotiation and preparation of this Stipulation.

7

35.    **Approval Order**: The Trustee shall promptly seek the entry of the Approval Order from the Bankruptcy Court.

36.    **Best Efforts**: The Settlement Parties shall use their best efforts to obtain Bankruptcy Court approval of this Stipulation. Without limiting the foregoing, the Settlement Parties shall not take, or cause any persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such approval.

37.    **Further Cooperation**: The Settlement Parties shall further cooperate with each other and execute any additional documents which are reasonable and necessary to achieve the Settlement described herein.

38.    **Bankruptcy Court Approval**: This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida, in the above captioned case.

Dated this ___ day of June, 2025                           Dated this ___ day of June, 2025

_____                                   _____
Roger Hernandez, Debtor                                    Barry E. Mukamal, Trustee
1425 SW 78 Avenue                                          1000 South Federal Highway – Suite #200
Miami, FL 33144                                            Fort Lauderdale, FL 33316

Dated this 12th day of June, 2025                          Dated this ___ day of June, 2025

_____                                   _____
Timothy S. Kingcade, Esquire                               Scott N. Brown, Esquire
Kingcade & Garcia                                          Bast Amron LLP
Attorney for the Debtor                                    Attorneys for the Trustee
1370 Coral Way                                             One Southeast Third Avenue, Suite 2410
Miami, FL 33145                                            Miami, FL 33131
Telephone: (305) 285-9100                                  Telephone: (305) 379-7904
tsk@miamibankruptcy.com                                    sbrown@bastamron.com

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          Case No. 24-14741-BKC-LMI
                                                                Chapter 7

**ROGER HERNANDEZ**
**SSN: XXX-XX-5267**

_____Debtor._____/

### ORDER GRANTING TRUSTEE, BARRY E. MUKAMAL'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION

**THIS CAUSE** having come before the Court upon *Trustee, Barry E. Mukamal's Motion*

*to Approve Stipulation for Compromise and Settlement Regarding Trustee's Objection to*

*Debtor's Claimed Homestead Exemption* (ECF No. ▮▮)(the "Motion"),[1] and the Court, having

been advised by movant through the submission of the instant order that: (i) the Motion was

served on all parties required by Local Rule 9013-1(D); (ii) the 21-day response time provided

by that rule has expired; (iii) no one has filed, or served on the movant, a response to the Motion;

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

**EXHIBIT**
**B**

and (iv) the form of order was attached as an exhibit to the Motion; having reviewed (i) the

Motion, (ii) the settlement agreement attached as Exhibit "A" to the Motion (the "Stipulation"),

and (iii) the Court file; having noted that no objections were filed; finding that the settlement

subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd*., 898 F.2d 1544

(11th Cir. 1990) and thus, is in the best interests of this Estate; finding that the notice of the

proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and

2002(a)(3), Local Rule 9013-1(D) and any other applicable notice requirement; and being

otherwise fully advised in the premises; it is

**ORDERED** as follows:

1.      For the reasons set forth in the Motion, which are incorporated herein by

reference, the Motion is **GRANTED**.

2.      The compromise and settlement is approved in its entirety on the terms and

conditions set forth in the Stipulation attached as Exhibit "A" to the Motion, which terms and

conditions are incorporated herein by reference.

3.      Without limiting the generality of the foregoing, pursuant to the terms of the

Stipulation, the Debtor, Roger Hernandez, is directed to pay the Settlement Amount of

$175,000.00 to the Trustee in accordance with the payment terms set forth in the Stipulation.

4.      Without limiting the generality of the foregoing, the Trustee is authorized to: (a)

take such actions; and (b) execute such documents, as he deems reasonable, necessary and/or

desirable to effectuate the Settlement.

5.      This Court shall retain sole and exclusive personal and subject matter jurisdiction

to implement, interpret and enforce the terms and conditions of the Settlement and adjudicate

any and all disputes arising from, or related to, the Settlement.

### ###

**Submitted by:**
Scott N. Brown, Esquire
BAST AMRON LLP
Counsel for Trustee, Barry E. Mukamal
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: 305.379.7904
Email: sbrown@bastamron.com

Copy furnished to:
Scott N. Brown, Esquire
Attorney Brown is directed to serve a copy of this Order on all interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of this Order.

Label Matrix for local noticing
113C-1
Case 24-14741-LMI
Southern District of Florida
Miami
Fri May  9 17:53:56 EDT 2025

Bank of America, N.A.
Liebler Gonzalez & Portuondo
44 West Flagler Street
25th Floor
Miami, FL 33130-1808

TD Bank, N.A.
GrayRobinson, P.A.
301 East Pine Street
Suite 1400
Orlando, FL 32801-2798

United States of America, Dept of Treasury/I
c/o Raychelle A. Tasher
99 N.E. 4th Street, Suite 300
Miami, FL 33132-2131

ADDRESS: Truist Bank
Bankruptcy Department
PO Box 85092
Richmond, VA 23285-5092

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998-1540

Amex
P.o. Box 981537
El Paso, TX 79998-1537

BANK OF AMERICA, N.A.
Liebler Gonzalez & Portuondo
44 West Flagler Street,
Courthouse Tower 25th
Miami, FL 33130-1817

Banco Popular de Puerto Rico
Attn: Bankruptcy
Po Box 362708
San Juan, PR 00936-2708

Banco Popular de Puerto Rico
Po Box 4930
Miami Lakes, FL 33014-0930

Bancopopular
9600 W Bryn Mawr Ave
Rosemont, IL 60018-5226

Bank of America
c/o Credit Control, LLC
5757 Phantom Dr. Ste 330
Hazelwood, MO 63042-2429

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

Brand Source/Citi Bank
Attn: Citcorp Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179-0040

Brand Source/Citi Bank
Po Box 6497
Sioux Falls, SD 57117-6497

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One
Po Box 31293
Salt Lake City, UT 84131-0293

Cbusasears
Attn: Bnakruptcy
Po Box790040
St Louis, MO 63179-0040

Cbusasears
Po Box 6217
Sioux Falls, SD 57117-6217

Chase Auto Finance
900 Stewart Ave
Garden City, NY 11530-4891

Chase Auto Finance
Attn: Bankruptcy
700 Kansas Lane La
Monroe, LA 71203-4774

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850-5298

Chase Card Services
Po Box 15369
Wilmington, DE 19850-5369

Chase Mortgage
700 Kansas Lane
Monroe, LA 71203-4774

Chase Mortgage
Chase Records Center/Attn: Correspondenc
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203

Checksystems
7805 Hudson Rd
Saint Paul, MN 55125-1594

Child Support Enforcemment
PO Box 8030
Tallahassee, FL 32314-8030

Citibank/The Home Depot
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179-0040

Citibank/The Home Depot
Po Box 6497
Sioux Falls, SD 57117-6497

Citizens Propetry Insurnace Corporation
2101 Maryland Circle
Tallahassee 32303-1001

Comenity Bank/Pier 1
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/Pier 1
Po Box 182789
Columbus, OH 43218-2789

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

(p)EQUIFAX INC
1550 Peachtree Street NE
Atlanta, GA 30309

Experian
Po Box 2002
Allen, TX 75013-2002

(p)FIRST CITIZENS BANK TRUST COMPANY
P O BOX 25187
RALEIGH NC 27611-5187

First Citizens Bank
FCB Mail Code DAC-36
100 E Tryon Road
Raleigh, NC 27603-3581

First Premier Bank
3820 N Louise Ave
Sioux Falls, SD 57107-0145

Florida Department Of Revenue
5050 W Tennessee St
Tallahassee, FL 32399-0100

Gray Robinson PA
301 E Pine Street, Suite 1400
POB 3068
Orlando, FL 32802-3068

Gray-Robinson, PA
301 East Pine Street, SUite 1400
Orlando, FL 32801-2798

IRS Centralized Bankruptcy Department
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Jonathan Camacho, Esq
Liebler Gonzalez & Portuondo
44 West Flagler Street, Courthouse Tower
Miami, FL 33130-1817

La Victoire Finance
POB 206536
Dallas, TX 75320-6536

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Marcadis Singer, P.A
5104 S Westshore Blvd
Tampa, FL 33611-5650

Mundo Culturista Inc
1425 SW 78th Ave
Miami, FL 33144-5209

Mundo Culturista, Inc
1425 SW 78 Avenue
Miami, FL 33144-5209

~~Office of the US Trustee~~
~~51 S.W. 1st Ave.~~
~~Suite 1204~~
~~Miami, FL 33130-1614~~

Regions Bank
720 North 39th Street
Birmingham, AL 35222-1112

Regions Bank
Attn: Bankruptcy
2050 Parkway Office Circle
Hoover, AL 35244-1805

Regions Bank
PO Box 10063
Birmingham AL 35202-0063

Regions Bank
Po box 1984
Birmingham, AL 35201-1984

Rocket Mortgage
1050 Woodward Ave
Detroit, MI 48226-3573

Rocket Mortgage
Attn: Bankruptcy
1050 Woodward Avenue
Detroit, MI 48226-3573

Shore United Bank, N.A.
200 Westgate Circle, Suite 200
Annapolis, MD 21401-3377

Space Coast Credit Union
8045 N Wickham Rd
Melbourne, FL 32940-7920

Space Coast Credit Union
Attn: Bankruptcy
8045 N Wickham Road
Melbourne, FL 32940-7920

Syncb/Walmart
Attn: Bankruptcy
PO Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Amazon
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Amazon
Po Box 71737
Philadelphia, PA 19176-1737


Synchrony Bank/BRMart
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/BRMart
Po Box 71757
Philadelphia, PA 19176-1757

Synchrony Bank/HH Gregg
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060


Synchrony Bank/HH Gregg
Po Box 71757
Philadelphia, PA 19176-1757

Synchrony Bank/HHGregg
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/HHGregg
Po Box 71757
Philadelphia, PA 19176-1757


Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Lowes
Po Box 71727
Philadelphia, PA 19176-1727

T.D. Bank, N.A.
c/o Jack Brennan
301 E. Pine Street, Suite 1400
Orlando, FL 32801-2741


(p)TD BANKNORTH NA
70 GRAY ROAD
FALMOUTH ME 04105-2299

TD Bank, N.A.
Td Bank Usbc
Greenville, SC 29607

TD Bank, NA
c/o Felipe Lozano
5900 N Andrews Avenue, Suite 200
Fort Lauderdale, FL 33309-2371


Transunion
Po Box 1000
Chester, PA 19016-1000

Truist Bank
4251 Fayetteville Road
Lumberton, NC 28358-2678

US Small Business Admin
Disaster Assistance
Processing and Disbursement Center
14925 Kingsport Rd
Fort Worth, TX 76155-2243


Vervent Inc. as servicer for LaVictoire Fina
P.O. Box  911007
San Diego, CA 92191-1007

Wells Fargo Bank NA
Attn: Bankruptcy
1 Home Campus Mac X2303-01a 3rd Floor
Des Moines, IA 50328-0001

Wells Fargo Bank NA
Po Box 393
Minneapolis, MN 55480-0393


Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Barry  E. Mukamal
1000 S. Federal Hwy
Ste 200
Fort Lauderdale, FL 33316-1237

Barry E Mukamal
PO Box 14183
Fort Lauderdale, FL 33302-4183


Roger Hernandez
1425 SW 78 Avenue
Miami, FL 33144-5209

Timothy S Kingcade Esq
1370 Coral Way
Miami, FL 33145-2960


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Department of the Treasury
Po Box  21126
Philadelphia, PA 19114

Equifax
Po Box 740241
Atlanta, GA 30374

First Citizens Bank
DAC-36
POB 25187
Raleigh, NC 27611-5187

(d)First-Citizens Bank & Trust Company
Attn: Bankruptcy Department
PO Box 25187
Raleigh, NC 27611-5187

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

TD Bank
1701 Route 70 East Cherry
Cherry Hill, NJ 08034

(d)TD Bank
POB 5600
Lewiston, ME 04243-5600

(d)TD Bank, N.A.
Attn: Bankruptcy
1701 Rt 70 East
Cherry Hill, NJ 08003

(d)TD Bank, NA
1701 Route 70 East Cherry
Cherry Hill, NJ 08034

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Shore United Bank, N.A.

(u)Miami

End of Label Matrix
Mailable recipients    85
Bypassed recipients     2
Total                  87